IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| GLOBAL NATURAL, LLC<br><br>Plaintiff,<br><br>v.<br><br>HAKAN AGRO DMCC, *et al.*<br><br>Defendants. | Case No. 1:17-CV-01799-GLR |

**MEMORANDUM IN SUPPORT OF AGROPEX INTERNATIONAL INC.'S MOTION TO DISMISS THE COMPLAINT**

Global Natural, LLC's ("Global Natural") Complaint names three defendants: Hakan Organics DMCC,[1] Beyaz Agro, and Agropex International Inc. ("Agropex"). Agropex respectfully requests that this Court dismiss the Complaint as to Agropex because Global Natural has failed to state a claim upon which relief can be granted (Federal Rule of Civil Procedure 12(b)(6)) and because Global Natural, having not served either of the other defendants, has failed to join necessary parties (Federal Rule of Civil Procedure 12(b)(7)). Global Natural's claims are based in contract, yet Agropex is not a party to the agreement at issue in the Complaint, and Global Natural has yet to serve the defendants who allegedly were parties to the agreement.

Global Natural, an importer and seller of organic grains, alleges that the defendants entered into an agreement with it to import into the United States organic soybeans and organic corn. Global Natural propounds this argument even though Hakan Organics DMCC is the only named

[1] The case caption refers to "Hakan Agro DMCC" but the Complaint and the Agreement refer to "Hakan Organics DMCC."

party to the agreement at issue. Global Natural alleges that the defendants breached this agreement and engaged in a conspiracy of fraud and misrepresentation, specifically by presenting as "organic" soybeans that had been treated with aluminum phosphate, which would render them non-organic. The Complaint advances four causes of action against all defendants: (1) common-law fraud, (2) breach of contract, (3) negligent misrepresentation, and (4) civil conspiracy.

Global Natural's claims against Agropex are gravely deficient. Employing a tactical and persistent refusal to distinguish between the defendants, Global Natural attempts to attribute to Agropex the statements and actions of other defendants and non-defendant individuals. The Complaint alleges that Global Natural entered into an agreement with Agropex by entering into an agreement with "Hakan and its affiliates." But Global Natural fails to allege any factual basis for its assertion because Agropex is not a party to the agreement referenced in the Complaint and Agropex is not Hakan Organics DMCC's affiliate. In those few instances where Global Natural attempts to single out Agropex, the accusations are vague and lack any factual support. Reviewing the Complaint as it pertains to Agropex reveals that Beyaz Agro allegedly sold Agropex soybeans that included three organic transaction certificates and documentation that described the soybeans as "non-GMO." The Complaint then alleges that Agropex stored the soybeans with an "organic handler" while Global Natural arranged for their sale. The Complaint further claims that, at a few indiscernible points in time, an unidentified Agropex representative advised, through an unidentified means, an unidentified Global Natural representative that the Beyaz Agro soybeans were organic. On this flimsy hook hangs the totality of Global Natural's claims against Agropex. The Complaint is bereft of any facts to support Global Natural's conclusion that Agropex knowingly or negligently misled Global Natural, entered into a contract with Global Natural, or

conspired to mislead Global Natural. Because of these deficiencies, the Complaint should be dismissed as to Agropex.

In the alternative, Global Natural appears unable to serve, and therefore join, Hakan Organics DMCC and Beyaz Agro, both of which are located outside the United States. As the vast majority of Global Natural's accusations concern the actions and interests of these other defendants, rather than Agropex's, the as-yet-unserved defendants are necessary and indispensable parties. It would be highly prejudicial to Agropex if this action were to continue without those unserved defendants. If Global Natural cannot effect timely service on the remaining defendants, the Court should dismiss the Complaint.

## I. THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must state a plausible claim that is adequately "supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 561 (2007); see also Spaulding v. Wells Fargo Bank, N.A., 714 F.3d 769, 776 (4th Cir. 2013). While the court must accept the factual allegations as true, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555. Nor can a complaint rely on "naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (citations omitted).

### A. Global Natural Fails to State a Claim Under Count I – Common Law Fraud

In pleading a cause of action for fraud, Rule 9(b) of the Federal Rules of Civil Procedure requires that a plaintiff "state with particularity the circumstances constituting fraud or mistake," permitting general allegations only with regards to "[m]alice, intent, knowledge, and other

conditions of a person's mind." See Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). The Complaint fails to meet this "heightened pleading standard for fraud claims," id., because Global Natural does not, and cannot, point to any particularized, fraudulent statements Agropex made, and offers only vague, conclusory allegations about Agropex's state of mind.

Per the Trade Agency Agreement, and as alleged in the Complaint, Maryland substantive law governs this action. "Under the law of Maryland, the elements of actionable fraud are these: (1) a false representation, (2) knowledge of its falsity or such reckless indifference to truth so as to impute knowledge, (3) that the false representation was made for the purpose of defrauding another, (4) that the other person relied upon the misrepresentation, had the right to rely upon it, believed it to be true, and embarked upon a course of conduct he would not have chosen but for the misrepresentation, and (5) damage directly resulting from the false representation." Casale v. Dooner Labs., Inc., 503 F. 2d 303, 306 (4th Cir. 1973) (citing James v. Goldberg, 256 Md. 520, 261 A.2d 753, 758 (1970); Appel v. Hupfield, 198 Md. 374, 84 A.2d 94, 95–96 (1951)). "The requirement of particularity ordinarily means that a plaintiff must identify who made what false statement, when, and in what manner (i.e., orally, in writing, etc.); why the statement is false; and why a finder of fact would have reason to conclude that the defendant acted with scienter (i.e., that the defendant either knew that the statement was false or acted with reckless disregard for its truth) and with the intention to persuade others to rely on the false statement." McCormick v. Medtronic, Inc., 219 Md. App. 485, 528, 101 A.3d 467, 492–93 (2014) (citing Spaulding, 714 F.3d at 781). Global Natural fails to allege facts sufficient to meet this standard.

**1. Global Natural has not sufficiently alleged that Agropex made false representations.**

As a primary matter, Global Natural does not allege that Agropex, itself, made the specific false representations alleged in the Complaint. This is a fatal defect. Alleco Inc. v. Harry &

Jeanette Weinberg Found., Inc., 340 Md. 176, 196, 665 A.2d 1038, 1048 (1995). Global Natural attributes the specific statements recounted in the Complaint (when they are explicitly attributed) to Goksal Beyaz, who allegedly controls Beyaz Agro. (See, e.g., Compl., ECF No.1, ¶¶ 31, 37, 41.) According to the Complaint, the only Agropex personnel to appear in these allegations is Darla Turner, whom Goksal Beyaz copied on his email and whose role at Agropex Global Natural fails to describe. (See, e.g., id. ¶¶ 37, 41.) Global Natural attempts to blur the distinction between the defendants by attributing another communication to all "Defendants," despite the fact that the message is clearly written in first person singular. (See id. ¶ 35 ("i believe that they will refuse this batch anyway . . . .").)

Global Natural assigns a number of alleged misrepresentations to Agropex only by referring broadly to vague "assurances from Hakan and its affiliates" (id. ¶ 48), or by ambiguous references to the "respective principles" of the defendants, "Hakan Bahceci, Goksal Beyaz and Ashley Anderson" denying "that any of the grain delivered to Global Natural and its customers was improperly designated as organic" (id. ¶ 44). Notably, Global Natural had first alleged that Ashley Bahceci was the President of Agropex (id. ¶ 12), then later in the Complaint deemed "Ashley Bahceci [now Anderson]" to be "of Hakan" (id. at ¶ 41), then returned to its original assertion by alleging circuitously that she made some unknown comment on behalf of Agropex. These conflicting allegations are not adequately specific to satisfy the fraud-pleading standard.

The closest Global Natural comes to alleging specific misrepresentations from Agropex is with the indeterminate statement that "Defendant Agropex represented to sales agent GN that the soybeans were organic" (id. ¶ 67) and "used the fraudulently obtained [from Beyaz Agro] organic transaction certificates to subsequently identify the soybeans as organic and to store the soybeans as organic at certified organic handler Penny Newman Grain Company, Stockton, California" (id.

¶ 76). Both allegations are conspicuously lacking in specificity, particularly when compared to the allegations involving Goksal Beyaz and Beyaz Agro. Global Natural fails to allege who from Agropex issued these alleged misrepresentations, how they were communicated, and which Global Natural representative received them. Neither vague allegation rises to the heightened pleading standard required for fraud claims. See Spaulding, 714 F.3d at 782; McCormick, 219 Md. App. at 528, 101 A.3d at 492–93.

**2. Global Natural has not sufficiently alleged that Agropex acted with knowledge, reckless indifference, or purpose.**

Even assuming Global Natural has sufficiently alleged that Agropex made a misrepresentation, it has not alleged that Agropex had the requisite mental state to constitute fraud. Global Natural claims, in a conclusory fashion, "that the Defendants saw Global Natural as a patsy and entered into the subject contract intending to use Global Natural . . . to deceptively sell fraudulently mislabeled 'organic' corn and soybeans . . . ." (Compl. ¶ 13.) Global Natural provides no specific factual support for this required element of fraud.

To the limited extent Global Natural alleges knowing and willful conduct, it does so by co-opting the Notice of Non-Compliance the USDA sent to Goksal Beyaz. Global Natural's attempt to expand the scope of the Notice to include Agropex disregards the findings of the USDA and the language of the Notice, neither of which implicate Agropex in any way. Rather, as the quoted language within the Complaint makes plain, the USDA found that "Goksal Beyaz at Beyaz Agro" committed "knowing and willful violations of the USDA organic regulations," while "acting on behalf" of Hakan Organics DMCC. (Id. ¶¶ 63–64; see also Notice, Exhibit A to the Compl., at 1.) The Notice explains that Beyaz Agro went "through" Agropex to commit its violations; it does not say that Agropex knowingly or willfully committed any violations. The only action the Notice attributes to Agropex is the use of the documentation Beyaz Agro provided when it sold Agropex

the soybeans. There is no USDA conclusion that Agropex had the requisite scienter or intent to commit fraud, and Global Natural fails to provide any additional factual support for such an allegation.

At base, Global Natural is attempting to attribute to Agropex the actions of Goksal Beyaz, Beyaz Agro, and Hakan Organics DMCC. Global Natural concedes that the "precise relationship between" the defendants as corporate entities is "opaque," but does not hesitate to conclude, without factual support, that "Hakan controls and directs . . . Beyaz and Agropex." (Id. ¶ 13.) This is so, according to Global Natural, because "Hakan directed Beyaz and Agropex to perform various tasks and duties sufficient to convince Global Natural that Hakan controlled and dominated" both companies. (Id. ¶ 11.) These allegedly "sufficient" directions remain a mystery, but even if Hakan Organics DMCC directed Agropex to perform tasks, Global Natural fails to even attempt to explain how this would impart Hakan Organics DMCC's, or Beyaz Agro's, knowledge or intent to Agropex and establish that Agropex acted intentionally. Global Natural's Complaint fails to plead the necessary facts that would support a cause of action for fraud against Agropex.[2]

**B. Global Natural Fails to State a Claim Under Count II – Breach of Contract**

Global Natural has failed to state a breach of contract claim against Agropex because Global Natural has failed to allege that Agropex entered into the agreement at issue with Global Natural. "Maryland adheres to the principle of the objective interpretation of contracts." Cochran v. Norkunas, 398 Md. 1, 16, 919 A.2d 700, 710 (2007). A court must "giv[e] effect to the clear terms of the contract regardless of what the parties to the contract may have believed those terms to mean." United Servs. Auto. Ass'n v. Riley, 393 Md. 55, 79, 899 A.2d 819, 833 (2006). "Thus, . . . determin[ing] the meaning of a contract . . . focuse[s] on the four corners of the agreement."

[2] Although Agropex does not concede the veracity of Global Natural's claims as to reliance and damages, for purposes of this motion, Agropex acknowledges that Global Natural has pled both.

Cochran, 398 Md. at 17, 919 A.2d at 710 (citing Walton v. Mariner Health, 391 Md. 643, 660, 894 A.2d 584, 594 (2006)).

The Trade Agency Agreement ("the Agreement"), attached hereto as Exhibit A,[3] states that it is between "Hakan Organics DMCC and its affiliates (hereinafter referred to as ('HAKAN') and Global Natural LLC (hereinafter referred to as 'Agent')." (Trade Agency Agreement, Exhibit A, at 1 (emphasis omitted).) The Agreement makes no mention of Agropex. Furthermore, the Agreement requires that all notices be sent to "HAKAN" at Beyaz Agro's address, and Goksal Beyaz signed the Agreement on behalf of Hakan Organics DMCC as "General Coordinator." (Id. at 7, 10.) There is no reference to anyone associated with Agropex.

Despite this, Global Natural alleges that Agropex is an "affiliate of Hakan" and therefore party to the contract and liable for any breach. (Compl. ¶¶ 3, 97.) To support its conclusion, Global Natural reasons that the "President of Agropex is Ashley Bahceci Anderson. Ms. Anderson is the former wife of Hakan Bahceci, the owner and manager of Hakan Organics DMCC. Ms. Anderson is also listed in public records as the President of Hakan USA, Inc., which has the same address as Agropex." (Id. ¶ 12.)

These assertions are unavailing, primarily because Global Natural conflates Hakan USA with the defendant in this case, Hakan Organics DMCC. As evinced by their different names, the companies are not the same. The Agreement cited in the Complaint is between Global Natural and Hakan Organics DMCC, not Hakan USA. Thus, it is of no moment whether Agropex or Anderson are, or may have been at one time, associated with Hakan USA.

[3] On a motion to dismiss, the court may consider "documents attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Agropex thus attaches what it understands to be the contract at the epicenter of the Complaint.

Nor has Global Natural pled any other particularized facts to indicate that Hakan Organics DMCC controlled Agropex, despite Global Natural's allegations along those lines. The Complaint indicates only that Beyaz Agro sold the soybeans to Agropex, a separate company, and that Agropex used the documentation Beyaz Agro provided to store the soybeans. (Compl. ¶ 67.) This transaction does not demonstrate the type of control and domination required for affiliation. See *Affiliate*, Black's Law Dictionary (9th ed. 2009) ("A corporation that is related to another corporation by shareholding or other means of control; a subsidiary, parent, or sibling corporation."). Agropex is not an affiliate of Hakan Organics DMCC and therefore not a party to the Agreement. It could not have breached any contract with Global Natural.

### C. Global Natural Fails to State a Claim Under Count III – Negligent Misrepresentation

To succeed on its claim for negligent misrepresentation, Global Natural must allege and prove:

> (1) the defendant, owing a duty of care to the plaintiff, negligently assert[ed] a false statement;
>
> (2) the defendant intend[ed] that his statement [would] be acted upon by the plaintiff;
>
> (3) the defendant ha[d] knowledge that the plaintiff [would] probably rely on the statement, which, if erroneous, [would] cause loss or injury;
>
> (4) the plaintiff, justifiably, [took] action in reliance on the statement; and
>
> (5) the plaintiff suffer[ed] damage proximately caused by the defendant's negligence.

Goldstein v. Miles, 159 Md. App. 403, 435, 859 A.2d 313, 332 (2004) (quoting Martens Chevrolet, Inc. v. Seney, 292 Md. 328, 337, 439 A.2d 534 (1982)) (alterations in original). For many of the same reasons previously discussed, Global Natural fails to plead a negligent misrepresentation claim against Agropex.

First, Global Natural has not adequately pled that Agropex made any specific misrepresentations. Second, there is nothing in the Complaint from which it can be inferred that Agropex owed a duty of care to Global Natural, as Agropex was not party to the Agreement at issue. Third, Global Natural has not pled any facts to support the conclusion that Agropex negligently ignored the possibility that its representations were false. According to the Complaint, while some of the shipping documentation Beyaz Agro gave to Agropex listed the soybeans as "non-GMO," Beyaz Agro gave Agropex "three organic transaction certificates issued by Kiwa-BCS" indicating the soybeans were organic. (Compl. ¶ 67.) Agropex was not negligently ignoring any risk of falsehood by relying on those certificates.

### D. Global Natural Fails to State a Claim Under Count IV – Civil Conspiracy

Civil conspiracy in Maryland is "a combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, with the further requirement that the act or the means employed must result in damages to the plaintiff." Hoffman v. Stamper, 385 Md. 1, 24, 867 A.2d 276, 290 (2005) (quoting Green v. Wash. Sub. San. Comm'n, 259 Md. 206, 221, 269 A.2d 815, 824 (1970)). Global Natural has pled only that "prior to entering into a contractual relationship, the Defendants had already conspired to mislabel [the soybeans and corn]." Global Natural provides no facts to support the existence of any agreement between Agropex and the other defendants to accomplish an unlawful act, and the Court should not accept Global Natural's conclusion. See Francis v. Giacomelli, 588 F.3d 186, 197 (4th Cir. 2009) ("Since the allegation [of conspiracy] amounts to no more than a legal conclusion, on its face it fails to assert a plausible claim.").

In sum, Global Natural fails to allege facts sufficient to support its claims against Agropex. For this reason, the Court should dismiss the Complaint against Agropex.

## II. THE COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO JOIN A NECESSARY PARTY

While the Court should dismiss the Complaint against Agropex on the grounds that Global Natural has failed to state a claim, in the alternative, the Court should dismiss the Complaint because Global Natural has, as of yet, failed to serve, and thus failed to join, necessary and indispensable parties: Hakan Organics DMCC and Beyaz Agro.[4] Rule 12(b)(7) of the Federal Rules of Civil Procedure requires plaintiffs to join parties deemed necessary by Rule 19. "Rule 19 creates a two-step inquiry: first, whether a party is necessary to a proceeding because of its relationship to the matter under consideration; and second, if a necessary party is unavailable, whether the proceeding can continue in that party's absence. If it cannot, the party is indispensable and the action should be dismissed." Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 917–18 (4th Cir. 1999) (citations omitted).

Rule 19 (a)(1) explains that a party is required if, in its absence, "the court cannot accord complete relief among existing parties," the party has an interest in that action that must be protected, or proceeding absent that party would "leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the [missing party's] interest."

Hakan Organics DMCC and Beyaz Agro have substantial interests in this action, as Global Natural is seeking millions of dollars in relief for their alleged breach of contract and misrepresentations. Further, the Agreement that goes to the heart of Global Natural's claims was entered into between Global Natural and Hakan Organics DMCC. The Court's resolution of

[4] Although the time to serve the remaining defendants has not yet expired, Global Natural has failed to serve them even after being provided additional time. (See Stipulation Extending Time to Respond to Complaint, ECF No. 8 (filed Aug. 21, 2017).) In an abundance of caution, Agropex seeks to underscore how presumptively indispensable Hakan Organics DMCC and Beyaz Agro are to this case.

Global Natural's claims will require it to interpret this Agreement, including what obligations the Agreement may have placed on Beyaz Agro. See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Rite Aid of S.C., Inc., 210 F.3d 246, 251 (4th Cir. 2000). Additionally, given that Agropex is not a party to the Agreement, it would be impossible for this Court to "accord complete relief among the existing parties" until at least one of the parties to the Agreement enters this case.

Hakan Organics DMCC and Beyaz Agro also are indispensable parties. In determining whether a necessary party is indispensable, Rule 19(b) requires that a court assess "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties," and whether that prejudice could be minimized. A court must also consider "whether a judgment rendered in the person's absence would be adequate; and . . . whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19 (b)(3), (4). "A Rule 19(b) analysis is not mechanical; rather it is conducted in light of the equities of the particular case at bar." Schlumberger Indus., Inc. v. Nat'l Sur. Corp., 36 F.3d 1274, 1287 (4th Cir. 1994).

From the outset, "a contracting party is the paradigm of an indispensable party." Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 210 F.3d at 252 (quoting Travelers Indem. Co. v. Household Int'l, Inc., 775 F. Supp. 518, 527 (D. Conn. 1991) (citing cases)). Moreover, a judgment rendered without Hakan Organics DMCC and Beyaz Agro would be highly prejudicial to their interests. As their actions and statements are integral to Global Natural's claims, the Court could not craft a judgment to minimize this prejudice. Finally, it is unclear whether Global Natural would have an adequate remedy if the action were dismissed because Global Natural has not explained why it has failed to serve Hakan Organics DMCC and Beyaz Agro. See Fed. R. Civ. P. 19 (c); see also Hanrahan v. Riverhead Nursing Home, 592 F.3d 367, 370 (2d Cir. 2010) (explaining that a plaintiff

whose case had been dismissed for failure to serve a necessary party could refile the action and timely serve the party). Even if Global Natural would be unable to obtain relief, the balance of equities does not require that Agropex defend a lawsuit based on the actions of independent, absent parties. If Global Natural cannot join Hakan Organics DMCC and Beyaz Agro, the case should be dismissed.

## CONCLUSION

For all of the reasons set forth above, this Court should dismiss the Complaint against Agropex.

Dated: September 15, 2017

Respectfully Submitted,

/s/ Michael B. MacWilliams

Michael B. MacWilliams (D. Md. Bar No. 23442)
MBMacWilliams@Venable.com
Elizabeth C. Rinehart (D. Md. Bar No. 19638)
ECRinehart@Venable.com
VENABLE LLP
750 E. Pratt Street
Suite 900
Baltimore, Maryland 21202
Tel: (410) 244-7400
Fax: (410) 244-7742

*Attorneys for Defendant*
*Agropex International Inc.*